IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JESSE JAMES BILLINGTON | § | |
| v. | § | CIVIL ACTION NO. 6:11cv618 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner Jesse Billington, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Billington was convicted of the offense of theft of services, receiving a punishment of 25 years in prison. The indictment charged him with unlawfully appropriating money in the amount of less than $1,500.00 from an individual described as an elderly person. The indictment also charged that Billington had four previous convictions - two for theft, one for robbery, and one for violation of a protective order with two previous convictions. Based on his prior criminal history, Billington was sentenced as a habitual offender, receiving the minimum sentence available.

In his federal petition, Billington complained that he received ineffective assistance of counsel, his plea of guilty was involuntary, the enhancement was unlawful, and the indictment was "flawed and improper." The Respondent was ordered to answer the petition and did so, and Billington did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. All of Billington's grounds for relief center around his contention that the enhancement of his sentence was unlawful; he says that he received ineffective assistance because his attorney allowed him to enter a plea without full knowledge of the consequences of the enhancements and his plea of guilty was involuntary because his attorney did not explain proper enhancement procedures to him. His claim concerning the indictment failed to identify how the indictment was improper.

The Magistrate Judge concluded that in fact the enhancements of Billington's sentence were done in accordance with Texas law. He had three separate and distinct enhancements applied to his sentence, which were unrelated to one another. The first of these was that he was convicted of theft and had two previous convictions for theft. This enhanced the charge from a Class A misdemeanor to a state jail felony.

The second enhancement was the fact that the victim was an elderly person. This raised the charge one level, from a state jail felony to a third degree felony. The third enhancement was the fact that Billington had two prior felony convictions, for robbery and violation of a protective order. These two prior felony convictions, when considered in light of the fact that Billington was charged with a third degree felony, triggered the habitual offender statute in Texas Penal Code art. 12.42(d).

Because the enhancements of his sentence were proper, the Magistrate Judge said, Billington failed to show that he had received ineffective assistance of counsel or that his guilty plea was involuntary. Court records showed that Billington was properly advised of the sentencing range prior to his entry of the plea and that he signed a stipulation in open court stating that he was guilty of the offense charged.

The Magistrate Judge noted that while it is true that a state jail felony cannot be enhanced under Article 12.42(d), Billington's offense was not a state jail felony, but a third degree felony because the victim was an elderly person. Finally, the Magistrate Judge stated that Billington's complaint about the indictment did not set out any basis for relief and lacked merit in any event

because the Texas Court of Criminal Appeals had denied his state habeas petition and thus implicitly held that the indictment was sufficient.

Billington filed objections to the Magistrate Judge's Report on September 27, 2012. In his objections, Billington says first that his offense was properly enhanced to a state jail felony, but that the enhancement to habitual offender status was not proper because a conviction for a state jail felony may not be used for enhancement purposes. He says that a prior felony theft conviction used to enhance the charge to a state jail felony cannot also be used to enhance punishment under the habitual offender law.

Billington contends that his offense was enhanced from a Class A misdemeanor to a state jail felony because the victim was an elderly person, but that a state jail felony cannot be enhanced to a habitual felony. He is incorrect. In fact, his conviction was enhanced from a Class A misdemeanor to a state jail felony because he had two prior theft convictions. It was then enhanced from a state jail felony to a third degree felony because the victim was an elderly person. Once his conviction was a third degree felony, it was subject to enhancement under the habitual offender law, which was triggered by his prior felony convictions for robbery and violation of a protective order.

Billington argues again in his objections that he received ineffective assistance of counsel because his attorney did not challenge the enhancements, and his guilty plea was involuntary because he did not know that he could not receive 25 to 99 years or life. These contentions are based upon his erroneous assertion that the enhancements were improper. Billington's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 15) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jesse Billington is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

SIGNED this 5th day of October, 2012.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE